

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Nevada*

*Daniel G. Bogden*
*United States Attorney*

*100 West Liberty Street*
*Suite 600*
*Reno, Nevada 89501*

*Phone (775) 784-5438*
*Fax (775) 784-5181*

April 22, 2010

<u>MEMORANDUM OF PLEA NEGOTIATIONS</u>



TO:     Honorable Howard D. McKibben
         Senior United States District Judge

FROM:   Bill Reed
         Asst. United States Attorney

SUBJECT:  U.S. v. Sean David Follett
         03:09-cr-0087-HDM-(VPC)

I.      <u>PLEA NEGOTIATION</u>

     The defendant, SEAN DAVID FOLLETT, is charged in a Superseding Information filed April 22, 2010, with one count of Knowing Possession of a Stolen Firearm, in violation of Title 18, United States Code, Section 922(j). The Government and the defendant have agreed to the following:

     1.  The defendant will plead guilty to the Superseding Information, charging him with Knowing Possession of a Stolen Firearm, in violation of Title 18, United States Code, Section 922(j)

     2. This plea is a binding agreement made pursuant to Fed. R. Crim. P. 11(c)(1)(C), 11(c)(3)(A), 11(c)(4) and 11(c)(5):

     3.  The parties agree that the Base Offense Level under U.S.S.G. § 2K2.1(a)(2) is 24.

     4.  Pursuant to U.S.S.G. §3E1.1(a) the United States will recommend that defendant receive a two-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court; (c) denies involvement

Page 2
April 22, 2010

in the offense or provides conflicting statements regarding
defendant's involvement; (d) attempts to withdraw the guilty
plea; (e) engages in criminal conduct; (f) fails to appear in
court; or (g) violates the conditions of defendant's pretrial
release conditions.

5.   In addition, under U.S.S.G §3E1.1(b), the
Government will, in its sole discretion, make a motion for an
additional one-level adjustment for acceptance of responsibility
prior to sentencing if the defendant timely notifies the
Government of his intention to plead guilty, thereby permitting
the Government to avoid preparing for trial and allowing for the
efficient allocation of resources.

6.   The Parties agree that the United State Attorney's
Office is not bound by the United States Probation Office's
decision as to whether the defendant has accepted responsibility
and it is understood that the United States Attorney's Office
will make its own independent evaluation of this adjustment to
the offense level.

7.   The parties agree that the Offense Level and the
possible Criminal History Category are based upon information
concerning this offense and the defendant as it is known at the
present time and could change based upon the investigation by the
United States Probation Office and the findings of the District
Court at the time of sentencing.  Specifically, the parties have
made no agreement concerning the defendant's prior criminal
history, which will be determined by the Court.

8. As part of this binding plea agreement the parties
agree and stipulate that the defendant shall be sentenced by the
Court to a term of imprisonment for 120 months.

9.   The defendant is also aware that Title 18, United
States Code, Section 3742 gives the defendant a right to appeal
the sentence to be imposed and that other federal laws give the
defendant rights to appeal other aspects of his conviction.   In
exchange for the concessions made by the United States in the
instant plea agreement, the defendant knowingly and expressly
waives his right to appeal any sentence to be imposed that is
within the applicable sentencing guideline range as determined by
the Court, further waives his right to appeal the manner in which
that sentence was determined on the grounds set forth in Title
18, United States Code, Section 3742, and further waives his
right to appeal any other aspect of his conviction or sentence.
Defendant also waives all collateral challenges, including any
claims under 28 U.S.C. § 2255, to his conviction, sentence and
the procedure by which the court adjudicated guilt and imposed

2

Page 3
April 22, 2010

sentence, except non-waivable claims of ineffective assistance of
counsel.

         10.   The parties agree that no promises, agreements,
and conditions have been entered into other than those set forth
in this plea memorandum, and will not be entered into unless in
writing and signed by all parties.

II.     PENALTY:

Statutory:

        Title 18, United States Code, Section 922(j) provides
for a penalty of imprisonment for not more than 10 years and a
fine of not more than $250,000.

Sentencing Guidelines:

**Offense Level 24**
     Criminal History Category II - 57-71 months
     Criminal History Category VI - 100-125 months

**Offense Level 21**

     Criminal History Category II - 41-51 months
     Criminal History Category VI - 77-96 months

        Pursuant to U.S.S.G. §5D1.2(a)(1), the term of
supervised release imposed shall be at least 2 years, but not
more than 3 years. Pursuant to U.S.S.G. §5D1.2(c), the term of
supervised release imposed shall not be less than any statutorily
required term of supervised release.

        Pursuant to U.S.S.G. §5E1.2, a fine may be imposed and
the advisory guidelines recommend the following: at offense level
24 the allowable fine range is between $10,000 and $100,000, at
offense level 21 the range is between $7,500 and $75,000. The
advisory guidelines also provide, however, that the Court may
waive any fine, impose a lesser fine or an alternative sanction,
such as community service, if a defendant establishes he does not
have he ability to pay a fine.

        Title 18, United States Code, Section 3663, and
U.S.S.G. §5E1.1 permit restitution as deemed appropriate by the
Court.

        A mandatory special assessment under Title 18, United
States Code, Section 3013, and U.S.S.G. §5E1.3 of $100.00 for
each count of conviction must be imposed.

3

Page 4
April 22, 2010

III.     ESSENTIAL ELEMENTS OF OFFENSE:

         Before a verdict of guilty as to Knowing Possession of
a Stolen Firearm may be reached, the Government would have to
prove the essential elements of the offense beyond a reasonable
doubt as follows:

                First:   That the defendant knowingly possessed
                         a firearm;

                Second:  That the defendant knew or had reasonable
                         cause to know that the firearm was stolen; and

                Third:   That the firearm had at one time traveled in
                         interstate commerce from one state to another.

IV.      FACTUAL STIPULATION RELEVANT TO SENTENCING:

         On or about July 15, 2009, the defendant met with an
undercover agent from the Bureau of Alcohol, Tobacco, Firearms
and Explosives in room 247 at the Vagabond Inn, Reno, Nevada.
Thereafter, inside the motel room, the defendant sold the
undercover agent a firearm identified as a Walther, model P22,
.22 caliber semiautomatic pistol, serial number L140056. At the
time the defendant possessed this firearm he knew it was a stolen
firarm. An ATF interstate nexus expert has examined the firearm
and determined that it was manufactured outside the State of
Nevada. Therefore, the firearm has traveled in interstate
commerce.

V.       STATEMENT OF THE DEFENDANT:

         I, SEAN DAVID FOLLETT, hereby acknowledge that I have
thoroughly read and reviewed this memorandum with my attorney and
agree that this memorandum completely and accurately states the
facts supporting my plea of guilty and the negotiations between
myself, my attorney, and the United States Attorney's Office.  I
have discussed the contents of this memorandum with my attorney
and it has been explained to my satisfaction.

         I have explained the facts and circumstances
surrounding this case completely to my attorney and have been
advised of what legal courses of action I might take.  These
discussions have included what might happen if I go to trial,
what evidence the Government has against me, and the possible
defenses, if any, I may have to these criminal charges.

         My attorney has not promised me anything not mentioned
in this plea memorandum and, in particular, my attorney has not

Page 5
April 22, 2010

promised that I will get any specific sentence.  I understand
that any discussions with my attorney about the possible sentence
I might receive from the Court are just predictions and not
binding on the Court.  I know I cannot withdraw my guilty plea
because my attorney's sentencing predictions turn out to be
wrong.

My attorney has also explained to me my Constitutional
Rights, including my right to a jury trial, to confront my
accusers, to call witnesses on my own behalf, and my right to
remain silent.  My attorney has further explained to me that I
have to waive these rights, that is, give them up, in order to
have my guilty plea accepted by the Court.

I understand that the United States Attorney's Office
will fully inform the Court and the United States Probation
Office of the nature, scope, and extent of my conduct regarding
the facts and circumstances of the charges against me, and any
and all related matters in aggravation or mitigation concerning
the issue of my sentencing.

I know if the Government is making a non-binding
recommendation as to what type of sentence I should receive, the
Court does not have to follow that recommendation.  I also
understand that I cannot withdraw my guilty plea because the
Court decides to not follow the non-binding sentencing
recommendation of the Government.

I further understand that the matter of sentencing is
entirely up to the Court.  Any stipulations or agreements between
myself, my attorney, and the United States Attorney's Office are
not binding upon the Court.  I know the Court will decide my
sentence based upon the facts of this case, my personal
background, and the advisory Sentencing Guidelines.  I fully
understand that my sentence could be anywhere within the range
set forth in Section II of this memorandum.

/     /     /

/     /     /

/     /     /

/     /     /

/     /     /

/     /     /

Page 6
April 22, 2010

    Finally, I understand that the decision to plead guilty or go to trial is mine alone.  As stated above, I have discussed this case fully with my attorney and received legal advice about what is the best course of action that I should take.  My decision after receiving this advice is to plead guilty under this agreement.

_____     _____
SEAN DAVID FOLLETT                              Date

_____     4-28-10
VITO de la CRUZ                                 Date
Counsel for defendant

6