**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:09-cr-00087-HDM-VPC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| SEAN FOLLETT, | ) | |
| Defendant. | ) | |

    Defendant has filed a "motion for sentence modification" asking that his sentence in this case be modified to run concurrently to a state court sentence he is serving (#36). The government has responded (#37). Defendant has not replied, and the time for doing so has expired.

    On April 28, 2010, the defendant pled guilty to knowing possession of a stolen firearm in violation of 18 U.S.C. § 922(j) pursuant to a binding plea agreement, which called for a sentence of 120 months. On August 4, 2010, the defendant was sentenced to 120 months pursuant to the binding plea agreement. As a consequence of the parties' agreement, the defendant avoided a possible sentence under the career offender statute and guidelines provisions.

1

Generally, the court lacks authority to modify a term of imprisonment once it has been imposed, but exceptions exist. *See* 18 U.S.C. § 3582(c). The only exception arguably applicable to defendant's case at this time is § 3582(c)(1)(B), which allows the court to modify a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

Rule 35(a) allows the court to correct a sentence within seven days after sentencing for arithmetical, technical, or other clear error. As more than seven days have passed since defendant was sentenced, the court lacks the authority to modify defendant's sentence under Rule 35(a). Accordingly, to the extent defendant's motion is based on Rule 35(a), the motion is denied.[1]

The court may also correct a sentence under 28 U.S.C. § 2255. In arguing ineffective assistance of counsel, the defendant appears to be asserting a § 2255 claim. However, motions pursuant to § 2255 must be filed within one year from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim

---

[1] Rule 35(b), which allows for reduction of sentence for substantial cooperation upon motion of the government, clearly does not apply to defendant's motion.

2

>or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f). The judgment of conviction was entered in this case on August 5, 2010. As defendant did not appeal his sentence, it became final on August 19, 2010. *See* Fed. R. App. P. 4(b). Defendant filed his motion for sentence modification on August 1, 2012, nearly two years later. To the extent defendant is filing a motion under § 2255, then, the motion appears to be untimely. Defendant is therefore ordered to advise the court on or before October 17, 2012, whether he is seeking relief pursuant to § 2255, and if so, why any claim brought under § 2255 should not be dismissed as untimely.

Accordingly, the court hereby denies in part and reserves in part on defendant's motion for sentence modification based on ineffective assistance of counsel (#36). The motion is denied insofar as it is based on Federal Rule of Criminal Procedure 35(a). The court reserves on that portion of the defendant's motion that can be construed as a § 2255 motion to allow defendant an opportunity to supplement the motion setting forth with particularity why the motion under 28 U.S.C. § 2255 should not be dismissed as untimely. The supplement shall be filed no later than October 17, 2012. Failure to file a supplement shall result in a denial of the motion.

**IT IS SO ORDERED.**

DATED: This 17th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE